UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO LARA SAUTIBANEZ,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-08797-NW<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: ECF Nos. 1, 4 |

Petitioner Federico Lara Sautibanez is an immigration detainee currently awaiting the outcome of his removal proceedings. In his petition for writ of habeas corpus and motion for a temporary restraining order, he alleges that his detention violates his procedural and substantive due process rights under the Fifth Amendment, in addition to other claims. *See* ECF No. 1 at 25–29. Shortly after filing the petition and TRO, the court set a briefing schedule and directed Respondents to address whether any provision of law or fact in this case would distinguish it from several prior cases where the Court found that ICE failed to follow the procedures under 8 U.S.C. § 1226(a) in detaining the petitioner, rendering the detention unlawful. *See* ECF No. 8 (citing *Silva Alvarez v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04067-NW, 2026 WL 1826484 (E.D. Cal. June 24, 2026); *Arteaga Valdivia v. Chestnut*, No. 1:26-CV-08151-NW, 2026 WL 3216092 (E.D. Cal. Oct. 26, 2026)).

Respondents filed a timely response to the Court's order to show cause, stating that "the cases cited in [the Court's order are] not substantively distinguishable." ECF No. 10 at 1. Respondents also admit that "detention authority in this case is 8 U.S.C. § 1226(a)[,]" and "that the Petition should be denied to the extent that Petitioner seeks release by bypassing the procedural protections afforded him under § 1226(a)"—namely, a custody redetermination hearing

United States District Court
Eastern District of California

before an immigration judge. *Id*. at 1–2.

Petitioner alleges the following in his petition and TRO. He entered the United States in 2000 and has lived in the country continuously since then. ECF No. 1 at 9. Petitioner's recent detention appears to have been his first interaction with immigration authorities. *Id*. at 15. Records submitted by Respondents further show that, on September 24, 2026, Petitioner was pulled over by ICE while he was driving in Yakima, Washington, and placed under arrest.[1] ECF No. 10-2 at 2. Petitioner was not served with a warrant or Notice to Appear at the time of his arrest. ECF No. 1 at 20. Rather, both documents were served on him after he was taken into custody. ECF No. 10-2 at 4. The warrant was issued on the day of Petitioner's arrest, and the Notice to Appear—which initiated removal proceedings against Petitioner—was dated on the day before the arrest. ECF No. 10-3 at 1; ECF No. 10-1 at 1. There is no evidence showing that an immigration officer made an individualized custody determination prior to, or at the time of, Petitioner's arrest, as required under § 1226(a). Nor is there evidence showing that Petitioner was given the opportunity to challenge the basis for his detention. Indeed, he has been detained for over a month without receiving a custody redetermination hearing.

Pursuant to the reasoning in *Silva Alvarez* and *Arteaga Valdivia*, Petitioner is entitled to relief on his due process claim based on Respondents' failure to follow the statutory process he was entitled to under § 1226(a). *See Silva Alvarez*, 2026 WL 1826484, at *3 (finding detention unlawful where Petitioner was wrongly detained under 8 U.S.C. § 1225(b)(2)); *Arteaga Valdivia*, 2026 WL 3216092, at *2 (finding detention unlawful where ICE failed to make individualized custody determination, as required under § 1226(a)). Here, though Respondents state in a conclusory fashion that Petitioner is detained under § 1226(a), they have not provided any evidence showing that "an ICE officer with designated authority conduct[ed] an initial custody determination at the outset of detention, wherein the noncitizen ha[d] an opportunity to 'demonstrate to the satisfaction of the officer that such release would not pose a danger to property

---

[1] Records submitted by Respondents also show that Petitioner has a criminal record. He was most recently arrested in May 2024, though all charges against him were dropped. ECF No. 10-4 at 12–13. Respondents have not explained the legal significance of these records in their response. Accordingly, any argument with respect to them is waived.

United States District Court
Eastern District of California

or persons, and that the noncitizen is likely to appear for any future proceeding.'" *Garcia-Maya v. Blanche*, No. 2:26-CV-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) (quoting *Jacobo-Ramirez v. Mullin*, 834 F. Supp. 3d 1073 (D. Nev. 2026). "[N]umerous courts have recognized failure to provide an initial custody determination is not only a statutory violation, but also a violation of noncitizen's due process rights." *Vicente v. Warden of San Bernardino Det. Ctr.*, No. 5:26-CV-05106-BFM, 2026 WL 3110053, at *4 (C.D. Cal. Oct. 16, 2026) (collecting cases); *see also*, *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *3 (E.D. Cal. Aug. 10, 2026). Indeed, Respondents concede that this case is not materially distinguishable from *Arteaga Valdivia*, where this Court found that a noncitizen's detention was unlawful when ICE failed to make an individualized custody determination as required by § 1226(a). Accordingly, the appropriate remedy is immediate release. *Zurita Navarro*, 2026 WL 2294963, at *2 ([F]ailure to comply with the procedures set forth by 8 U.S.C. § 1226(a) and its implementing regulations during a petitioner's initial detention renders that detention unlawful and that unlawfulness cannot be cured through belated compliance with statutory requirements.").

For the reasons above, the petition for writ of habeas corpus is GRANTED. Respondents SHALL immediately release Petitioner, Federico Lara Sautibanez, from custody. If the Government seeks to re-detain Petitioner, they must follow all the procedures required under § 1226(a). This Order does not address the circumstances under which the Government may detain Petitioner if he becomes subject to an executable order of removal. Petitioner's motion for a temporary restraining order is DENIED as having been rendered moot by this order granting him habeas relief. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

**IT IS SO ORDERED.**

Dated: November 16, 2026

Noël Wise
United States District Judge